### REHM v. SHARP et al.

No. 14239.

Court of Appeal of Louisiana. Orleans.

Oct. 31, 1932.

Cobb & Jones and Herman M. Baginsky, all of New Orleans, for appellant.

Geo. C. Schoenberger, Jr., of New Orleans, for appellee.

## HIGGINS, J.

Plaintiff sued the defendants, Wiley Sharp and Wm. L. Clark, Jr., in solido, to recover the sum of $125 alleged to be due for nine days' salary and automobile expenses incurred in connection with Clark's campaign as a candidate for Governor of the state of Louisiana.

The defendant Sharp filed an exception to the jurisdiction of the court ratione personæ, which was sustained by the trial judge, and the suit was dismissed as to him with reservation of plaintiff's right to sue him at his domicile.

Defendant Clark relied upon three grounds of defense: First, that, at the time of the first two automobile trips, on September 25 and 29, 1931, respectively, Mr. Sharp had not been employed as his campaign manager and was not so employed until October 8, 1931; secondly, that plaintiff undertook to work for the defendant Clark in anticipation of securing political employment should Mr. Clark's candidacy have been successful; thirdly, that plaintiff's remuneration was conditioned upon Mr. Sharp successfully raising a campaign fund, which he failed to do.

There was judgment on the merits dismissing the suit, and the plaintiff has appealed.

It is conceded that the judgment of the lower court is correct in sustaining the exception to the jurisdiction of the court.

Plaintiff vigorously complains of the correctness of the decision in dismissing the suit as against Clark.

The record shows that Mr. Clark and Mr. Sharp were friends, and had had business transactions for several years prior to the time that Mr. Clark ran for Governor. It appears that Mr. Sharp convinced Mr. Clark that, if he would qualify as a candidate for Governor, he would have a splendid chance of winning. While the matter was under discussion between them, Mr. Sharp prevailed upon the plaintiff to use his automobile to drive Sharp to Iota, La., and return on September 5, 1931, a distance of 418 miles, and on September 29, 1931, to Hammond and return, a distance of 185 miles. On October 8, 1931, Mr. Clark formally announced his candidacy and named Mr. Sharp as his campaign manager. Thereafter, on October 15, 1931, the plaintiff in his automobile drove Mr. Sharp from New Orleans to Holden and Baton Rouge, La., and return, a distance of 350 miles, and on October 26, 1931, from Holden to Baton Rouge, a distance of 270 miles. It was also shown that the plaintiff worked for nine days in behalf of Mr. Clark upon the authorization of Mr. Sharp.

Plaintiff and his mother both testified that defendant Sharp employed plaintiff at the salary of $35 per week, or $5 a day for his services, and agreed to reimburse him for the use of his automobile. Defendant Sharp does not deny that the plaintiff rendered the services and used his car to make the trips in question, but states that he paid all traveling expenses, including hotel and restaurant bills, gasoline, lubricating oil, etc. In passing we might say that no claim was made for these items, plaintiff conceding that Sharp paid those expenses. The claim is for the use of the automobile at the rate of 6 cents per mile, covering 1,223 miles, and nine days' salary at the rate of $5 per day.

■■ On the question of when Mr. Sharp was appointed campaign manager for Mr. Clark, both Mr. Clark and Mr. Sharp testified that the appointment was made on October 8, 1931. Plaintiff was unable to produce any satisfactory evidence to rebut their testimony, and we therefore conclude on the first defense that Mr. Sharp was without authority to contract any indebtedness so as to bind Mr. Clark until after October 8, 1931. But since Mr. Sharp, as campaign manager, had the actual or implied authority to employ the plaintiff to render services in behalf of Clark's candidacy after October 8, 1931, and to incur reasonable expenses for automobile services in traveling, the defendant Clark would be liable for any indebtedness arising subsequent to October 8, 1931, unless it can be said, under the second or third defenses, that the defendant Clark is not liable.

■■ We are not impressed with the statement of Mr. Sharp that the plaintiff rendered his services solely for the purpose of securing future employment of a political

nature in the event Mr. Clark was elected Governor of the state. His testimony is not corroborated by Mr. Clark on this point, who was uninformed on the subject. This is a special defense, and defendant bore the burden of proving it by a preponderance of the evidence, and, as the plaintiff and his mother both testified to the contrary, we believe that the second defense must fail.

With reference to the third defense, Mr. Clark testified that he did not know of the plaintiff's claim until some time in the early part of January, 1932. Mr. Sharp testified that he had agreed with the plaintiff that he would be paid $5 a day for actual services rendered and for the use of his automobile in the event a campaign fund was collected, and that, as he failed in his efforts to secure campaign funds, there was not any money available to pay the plaintiff's claim. The plaintiff and his mother again contradicted Mr. Sharp's statement, although they admit that he did tell them he was making efforts to secure funds for campaign expenses from those who were interested in or advocated the candidacy of Mr. Clark. We are not impressed with this defense, and in fact it seems to be inconsistent with the second defense that the plaintiff's reward was to consist of some political appointment in the event Mr. Clark was elected Governor.

We therefore conclude that the plaintiff is entitled to recover for his services rendered on October 15th, 16th, 17th, and 18th, and October 26th, 27th, and 28th, at the rate of $5 a day, or a salary of $35. He is also entitled to recover for the automobile trips on October 15th and 26th, from New Orleans to Holden and Baton Rouge, La., and return, which totaled 620 miles, which, at the rate of 6 cents per mile, aggregates $37.20, thus making the total of both items $72.20.

Pending the appeal, Mr. Clark died, and his succession was opened, a testamentary executor was duly qualified, and, by proper proceedings, made a party to this suit.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and it is now ordered that there be judgment herein in favor of plaintiff, William Rehm, and against W. B. Spencer, Jr., testamentary executor of the succession of William L. Clark, Jr., in the full sum of $72.20, with legal interest from judicial demand until paid; defendant to pay the costs of court.

Reversed.